UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

UNITED STATES OF AMERICA,          Criminal No. 08-118(31) PAM/AJB

             Plaintiff,

v.                                  **REPORT AND RECOMMENDATION**

MEI HUANG,

             Defendant.

       LeeAnn K. Bell, Esq., Assistant United States Attorney, for the plaintiff, United States of America;

       Robert J. Kolstad, Esq., for defendant Mei Huang.

       This action came on for hearing before the Court, Magistrate Judge Arthur J. Boylan, on January 21, 2010, at the U.S. Courthouse, 316 North Robert Street, St. Paul, Minnesota 55101. Testimony was presented at the hearing with regard to suppression of evidence.

       Based upon the file and documents contained therein, along with testimony presented at hearing, the Magistrate Judge makes the following:

**Findings**

       Rhode Island State Trooper Dan W. Gazzola and his patrol partner, Trooper Commendatore, conducted a traffic stop of a white Ford Econoline van, with a New York license and registration, at approximately 11:50 p.m. on November 1, 2009. The vehicle was stopped for having a headlamp out. The stop took place on southbound Interstate 5, in the vicinity of exit 3B, near the town of Richmond, Rhode Island. In addition to the driver, the van carried eight to ten passengers. Believing the van was being used as for-hire transportation service, the troopers

obtained identification and vehicle registration materials from the driver and were advised that the van was en route from Massachusetts to New York. Identification documents were also obtained from each of the van occupants. The passengers remained in the van after the stop, but they were not handcuffed or otherwise secured.

Defendant Mei Huang was one of the passengers in the Econoline van. Upon obtaining identification materials, the troopers conducted criminal records checks of the individual occupants. Ms. Huang provided a Texas drivers license, an employment card, and a Social Security card, and told the troopers that she was from China. Based upon her identification information, Trooper Gazzola learned that Ms. Huang was the subject of a warrant issued in Minnesota on a marriage fraud charge. The troopers advised Ms. Huang that a Minnesota warrant had been issued and she would be placed under arrest. Trooper Commendatore thereafter asked the defendant whether she had any belongings in the van that she wanted to take with her to the police barracks. Ms. Huang pointed out two bags which the trooper then took and placed in the squad car so that she would have them in her possession following the arrest. The defendant also indicated that she was pregnant and was traveling alone, and she did not know the other van occupants. She was cooperative with the troopers and was not placed in handcuffs.

Defendant Huang was transported to the police barracks where she underwent processing and was placed in a temporary holding cell. During that time a trooper looked through the defendant's bags for contraband and for safety purposes. The bags were then left outside the holding cell, within the defendant's view. Ms. Huang was not interviewed and was not given a Miranda rights advisory. The bags were later searched again pursuant to jail

2

inventory policy.

Based upon the foregoing Findings, the Magistrate Judge makes the following:

**Conclusions**

**Identification of Belongings.** Suppression of defendant Mei Huang's statements made for the purposes of identifying her bags is not required. Such statements were made while Ms. Huang was in custody and in response to a trooper's inquiry, but the statements were provided voluntarily, and the inquiry was not interrogation having implications with respect to the defendant's Fifth Amend right to remain silent or her Sixth Amendment right to counsel. The term "interrogation" as contemplated under Miranda can be broadly interpreted to include any words or actions that police should know would be reasonably likely to elicit an incriminating response. Rhode Island v. Innis, 446 U.S. 291, 301-02 (1980). Conversely, officers "cannot be held accountable for unforeseeable results of their words or actions" where there is no reason that they should have known that such words or actions would elicit an incriminating response. Id. at 302. Furthermore, the defendant's vocal response in identifying her bags was not in itself incriminating. Rather, the presumably incriminating evidence is the physical evidence obtained upon searching the defendant's bags, and the fruit-of-the-poisonous-tree doctrine cannot be applied to exclude physical evidence derived from a voluntary statement, even when there may have been a Miranda violation. United States v. Fleck, 413 F.3d 883, 893 (8th Cir. 2005).

Defendant Mei Huang was in custody when Trooper Commendatore asked her whether she had any baggage that she wanted to take with her. However, the officer's inquiry was made with the knowledge that the defendant pregnant and was traveling alone in a

3

commuter van. The troopers reasonably believed that the defendant might have belongings that she would need, including medical items, and that she would probably never be reunited with her luggage if it was not immediately claimed. Under these circumstances the court finds that the troopers had a reasonable and non-interrogation related justification for asking the defendant whether she had baggage, and there is no basis for a determination that officers should have know that their inquiries would likely lead to an incriminating response, or the discovery of incriminating evidence. Defendant's motion to suppress statements obtained in violation of her Fifth and Sixth Amendment rights should be denied.

**Search and Seizure.** Suppression of physical evidence obtained as the result of searches of the defendant's belongings is not required. The defendant's travel bags were not seized by officers under circumstances presented in this instance because the bags and their contents were not subject to a meaningful interference with the defendant's possessory interests in the property. United States v. Va Lerie, 424 F.3d 694, 707-08 (8th Cir. 2005) (discussing seizure with respect to checked baggage). To the contrary, the bags were taken from the commuter van and were delivered to police barracks, along with the defendant, for the purpose of allowing the defendant to maintain her possessory interest in the property, and not to deprive her of such interest. Subsequently, pursuant to inventory search policy, the baggage was lawfully subjected to an search at the police barracks. An inventory search was not conducted in bad faith or for an investigatory purpose, such as a suspicion that contraband, weapons, or incriminating evidence would be found, but rather, was reasonably undertaken to protect the property from theft and to protect the police from false claims. United States v. Woolbright, 831 F.2d 1390, 1394-95 (8th Cir. 1987). Evidence discovered in course of the lawful inventory

4

search was properly seized and suppression of such evidence is not required. Moreover, the physical evidence was not the fruit of any unlawfully obtained statements by the defendant. Defendant's motion to suppress evidence obtained in violation of her Fourth Amendment rights should be denied.

Based upon the foregoing Findings and Conclusions, the Magistrate Judge makes the following:

### RECOMMENDATION

The Court **hereby recommends** that:

1. Defendant Mei Huang's second Motion to Suppress all Evidence Obtained as a Result of any Illegal Searches or Seizures be **denied** [Docket No. 686];

2. Defendant Mei Huang's second Motion to Suppress all Evidence Obtained as a Result of any Violation of her Rights as Secured by the Fifth Amendment be **denied** [Docket No. 687]; and

3. Defendant Mei Huang's second Motion to Suppress all Evidence Obtained as a Result of any Violation of her Rights as Secured by the Sixth Amendment be **denied** [Docket No. 688].

Dated:    February 23, 2010

    s/Arthur J. Boylan
Arthur J. Boylan
United States Magistrate Judge

Pursuant to Local Rule 72.2(b), any party may object to this Report and Recommendation by filing with the Clerk of Court, and by serving upon all parties, written objections which specifically identify the portions of the Report to which objections are made

and the bases for each objection. This Report and Recommendation does not constitute an order or judgment from the District Court and it is therefore not directly appealable to the Circuit Court of Appeals. Written objections must be filed with the Court before March 10, 2010.

Unless the parties stipulate that the District Court is not required by 28 U.S.C. § 636 to review a transcript of the hearing in order to resolve all objections made to this Report and Recommendation, the party making the objections shall timely order and file a complete transcript of the hearing within ten days of receipt of the Report.